UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven A. Ludsin
_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

MetLife
_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

RECEIVED JUL -7 2014 PRO SE OFFICE

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

**14 CV 5159**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

[X] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

[X] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

[X] New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

[X] New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

Rev. 05/2010                                    1

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name Steven A. Ludsin
Street Address 36 Thanet Way
County, City Suffolk, East Hampton
State & Zip Code New York 11937
Telephone Number 917 558 7730

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant
Name MetLife
Street Address 1095 Avenue of the Americas
County, City New York, New York
State & Zip Code 10036-6796
Telephone Number 212 578 5762

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer MetLife
Street Address 1 Penn Plaza
County, City New York, East Hampton
State & Zip Code New York 10019
Telephone Number

## II. Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    ☐ Failure to hire me.
    ☒ Termination of my employment.
    ☐ Failure to promote me.
    ☐ Failure to accommodate my disability.
    ☒ Unequal terms and conditions of my employment.

      X      Retaliation.

      X      Other acts *(specify)*: Harassment, hazing and humiliation.

*Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B. It is my best recollection that the alleged discriminatory acts occurred on: 2/08/07 to 11/13/13 .
    *Date(s)*

C. I believe that defendant(s) *(check one)*:

    _____ is still committing these acts against me.

      X    is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☐ race _____        ☐ color _____

    ☐ gender/sex _____    ☒ religion _____

    ☐ national origin _____

    ☒ age. My date of birth is July 27, 1948 _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

See attached sheets with Charge of Discrimination EEOC Form 5 with The Particulars.

*Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: February 20, 2013 _____ *(Date)*.

B.  The Equal Employment Opportunity Commission *(check one)*:

___ has not issued a Notice of Right to Sue letter.

_X_ issued a Notice of Right to Sue letter, which I received on April 18, 2014 *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_X_ 60 days or more have elapsed.

___ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

Compensatory and punitive damages for the loss of economic opportunity for the duration of the association with

MetLife including post termination negotiations and for pain and suffering. Damages $570,000

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **6** day of July, 20 **14**.

Signature of Plaintiff: Steven A. Judson

Address: 36 Thanet Way

East Hampton, NY 11937

Suffolk County

Telephone Number: 917 558 7730

Fax Number *(if you have one)*: _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Steven Ludsin
36 Thanet Way
East Hampton, NY 11937

Re:   EEOC Charge No. 524-2013-00152
      Ludsin v. Metlife

Dear Mr. Ludsin,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined the information and evidence you submitted supporting your allegations of discrimination based on age, religion, and retaliation.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator John Douglass at (212) 336-3765 or John.Douglass@eeoc.gov if you have any questions.

Sincerely,

_____          4-16-2014
Kevin J. Berry                   Date
District Director

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Steven A. Ludsin<br>36 Thanet Way<br>East Hampton, NY 11937 | From: | New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2013-00152 | John B. Douglass, Investigator | (212) 336-3765 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)                  Kevin J. Berry,                     4-16-2014
                               District Director                   *(Date Mailed)*

cc:

**METROPOLITAN LIFE INSURANCE COMPANY**

c/o Joseph C. O'Keefe
**PROSKAUER ROSE LLP**
One Newark Center
Newark, NJ 07102

Case 1:14-cv-05159-LGS   Document 1   Filed 07/07/14   Page 7 of 11

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 524-2013-00152 |

FEB 20 2013

New York State Division Of Human Rights ___ and EEOC
*State or local Agency, if any*

DATE RECEIVED

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Steven A. Ludsin | (631) 324-0550 | 07-27-1948 |

| Street Address | City, State and ZIP Code |
|---|---|
| 36 Thanet Way, East Hampton, NY 11937 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| METLIFE | 500 or More | (212) 578-5762 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Penn Plaza, New York, NY 10119 (Temporary Location) | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Barnum Financial Group | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6 Corporate Drive Shelton, Ct. 06484 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-08-2007    Latest: 04-27-2012
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 64 year old male. I am of the Jewish religion. I was employed by Metlife Barnum Financial Group an Agency of Metlife from May 25, 2007 until my discharge on April 27, 2012.

During my employ with Respondent there was a consistent pattern of harassment, hazing and humiliation that made the work environment hostile and rendered my responsibilities and tasks impossible to perform. The other younger employees were hired sooner and had desks from which to work where I was strung along and not provided a place to work from. These actions were based on my age as the younger employee's did not suffer this type of treatment. There were also constant derogatory comments made in reference to my religious beliefs by senior personnel in the company. I was discharged as a discriminatory action against me based on my age and my religious beliefs.

Based on the above, I believe I was discriminated against in violation of the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964, as amended, and other applicable Federal, state, and local anti-discrimination statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

February 17, 2013  Sunday
*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
February 17th, 2013

RYAN D. HOGAN, NOTARY PUBLIC, State of New York No. 01HO6242155, Qualified in Suffolk County, Commission Expires May 31, 20__

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 524-2013-00152 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. This is an action for compensatory and punitive damages, proximately resulting from Respondent's conduct in violation of Title VII, 42 U.S.C. Section 2000-c et seq, 42 U.S.C. Section 1981, and the Age Discrimination in Employment Act, 29 U.SC. Sections 621-634 and Sections 296 et seq of the New York State Executive Law. 2. Charging Party Steven A. Ludsin ("Ludsin") is a 64 year old white male of the Jewish religion and, and is, and at all times relevant hereto was, a resident of East Hampton, Suffolk County New York and New York City, New York County, New York. 3. Upon information and belief, Respondent MetLife Group, Inc. ("MetLife") is a New York corporation with offices at, inter alia, 1 MetLife Plaza, 27-01 Queens Plaza North, Long Island City, New York and at 200 Park Avenue, New York, New York and at 1095 Avenue of the Americas, New York, New York 10036-6796. Barnum Financial Group is an Agency of MetLife at 6 Corporate Drive, Shelton, Connecticut 06484. 4. Commencing on January 26, 2007 Ludsin was continuously recruited and subsequently employed by MetLife until MetLife terminated his employment on April 27, 2012. 5. From approximately May 2007 until MetLife's termination of his employment on or about April 27, 2012, Charging Party performed the roles and responsibilities of Financial Representative and informally, the Managing Director and Branch Manager, the latter 2 categories without compensation but was induced to serve through coercion for fear of retaliation. 6. During the years prior to the April 27, 2007 termination, Charging Party's agency, was located at 1 Penn Plaza, New York, New York County, New York, and then was closed and substituted with 707 Westchester Avenue Suite 105, White Plains, New York 10604. Barnum Financial, an agency of MetLife was consistently in the top of all MetLife agencies nationwide in terms of production and profitability. 7. During his employment by MetLife, Charging Party's compensation was at all times performance-based. 8. During the first two years of Charging Party's employment by MetLife, Charging Party's average annual compensation was approximately between $25,000 to $50,000. 9. In May 2007, Charging Party was qualified by the screening committee to enter the program to be licensed to sell insurance and investment products. 10. In January 2007, Charging Party was fraudulently induced to create a New York City office for Barnum an agency of MetLife. The Managing Director, David A. Rizzo represented there would be a temporary office and then a Fifth Avenue office. By December 21, 2007, Paul Blanco, the head of Barnum advised by telephone conference call there would be efforts to find an office in New York City. That representation was false and fraudulent because there was no realistic financial commitment to creation of the New York City Office. The criteria for invitation to join Barnum were success in recruitment, retention and new business. 11. Charging Party Ludsin was told that there would be corporate financial marketing, and high-end marketing when in fact it was a case of retail one on one appointment based commission based method. This fact was not revealed during the many months preceding the beginning of the compensation date which was August 13, 2007. Many email exchanges and meetings took place which provided ample opportunity to provide the truth of the expectations. This is a classic bait and switch predatory tactic which creates grounds for compensatory and punitive damages. See attached sheet for additional paper needed for PARTICULARS

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct

February 17, 2013
Sunday
*Date*          *Charging Party Signature* /s/ Steven A Ludsin

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
/s/ Steven A Ludsin

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*
February 17, 2013

RYAN D. HOGAN
NOTARY PUBLIC, State of New York
No. 01HO6242155
Qualified in Suffolk County
Commission Expires May 31, 20__

**THE PARTICULARS ARE (Additional paper is needed, these are the attached extra sheet(s)):**

12. Upon information and belief, approximately all MetLife representatives nationwide earn $50,000. Respondent's used lack of production as a pretext for termination. Actually it was based on age and religious discrimination and a goal to cover up the fraud of being unable and unwilling to commit the necessary financial resources to create and maintain a New York City office. In addition since the resources that were not provided rendered the ability to earn compensation impossible, Charging Party Ludsin reached out to Lori E. Goodian, Director of the MetLife Global Talent & Development to improve the relationship in March 2012 prior to termination on April 27, 2012. Goodian recommended a meeting with newly hired Claire M. Burns, Relationship Manager which was planned on or about March 27, 2012 to take place in April 2012. Charging Party believes termination was a retaliatory action due to his efforts to report the fraud and deplorable working environment characterized by hazing, harassment and humiliation. 13. The Barnum agency managed by Barnum was consistently within the top of all agencies in terms of profitability but there was no commitment to create a viable work environment. It was a deliberate plan to bait and switch and most of the recruited younger financial representatives chose to leave. There was one other older financial representative who remained, Jose Guevara-Escudero, Ph.D, CFP but he was not required to attend many meetings that the Charging Party was expected to attend without compensation. Ludsin, the Charging Party was expected to market the services of Barnum without compensation and assume the role of Managing Director after David A. Rizzo, the recruiting Managing Director left on or about May 19, 2008. Ludsin assisted the newly hired public relations specialist Jane Snaider without compensation during June and July 2007. 14. For some period of time prior to and up to and including the termination of Ludsin's employment on April 27, 2012, MetLife engaged in discrimination against its employees in the terms and conditions of employment on the basis of age, gender, race, and national origin. 15. According to a recent EEOC case, Stephen DiGirolamo v. MetLife, 10 CV 01537, USDJ Richard M. Berman, SDNY, during the period of time prior to and up to and including the termination of Plaintiff Stephen A. DrGirolamo employment on December 27, 2007, MetLife allegedly engaged in a discriminatory practice as a result of which Caucasian males, such as that plaintiff, were terminated and/or replaced as Managing Directors and as Regional Vice Presidents by younger persons, in some cases by younger females, and in many cases, by younger minority females. 16. In addition, during the period of time prior to and up to and including the termination of Plaintiff DiGirolamo's employment on December 27, 2007, in many instances the male Managing Directors and in at least two instances, the male regional Vice Presidents who were terminated or replaced were, like males of-Italian national origin. 16. In this Charge of Discrimination, Ludsin was subjected to a displaced persons camp work environment characterized by age discrimination and anti-Semitism. Essentially despite promises of employment the work environment was like a temporary agency. It took a year to get an access key and over a year to get a stable workspace. Ludsin is keenly aware of anti-Semitism because he was a member of the President's Commission on the Holocaust and the original United States Holocaust Memorial Council. He served starting during the Carter Administration and for a total of 10 years as a Presidential appointee. There were derogatory comments and emails with derision and condescension based on his Jewish faith that

*Steven A. Ludsin*
February 17, 2013
Sunday

RYAN D. HOGAN
NOTARY PUBLIC, State of New York
No. 01HO6242155
Qualified in Suffolk County
Commission Expires May 31, 2015

SWORN TO BEFORE ME THIS
17 DAY OF February 2013

caused post traumatic stress disorder. The longer Ludsin worked in this work environment the worse the conditions became. 17. It took 5 months just to get a payout table for a substantial client who purchased an $850,000 variable deferred annuity. The original managing director expected Ludsin to perform menial tasks such as stamping envelopes for the deputy sales manager who was conducting a health insurance sales business which was not sanctioned by MetLife. When MetLife terminated Charging Party's employment on April 27, 2007, there was no fair performance-based reason to terminate Charging Party's employment since the shifting workplace rendered the responsibilities impossible to perform. 18. Upon information and belief, Barnum terminated Charging Party's employment with the discriminatory intent of replacing him with younger and non-Jewish representatives. Jewish representatives were underrepresented within Barnum and the entire executive structure of MetLife. 19. On December 12, 2012, Charging Party filed with the United States Equal Employment Opportunity Commission "EEOC" an intake questionnaire of discrimination on the basis of age and religion. In that Intake Questionnaire, Charging Party alleged inter alia, that MetLife and Barnum had engaged in a pattern and practice by which Caucasian males have been terminated as financial representatives for no apparent reason and replaced with younger persons who were generally non-Jewish. 20. As of the date of Charging Party's filing of the EEOC Complaint, MetLife had not created a New York City office replacing the Charging Party's original temporary agency location and never made a commitment to follow through with the original fraudulent representations made. 21. In terminating Charging Party, MetLife discriminated against him in the terms and conditions of employment on the basis of age, and/or religion, in violation of Title VII U.S.C. Section 2000-e et seq., 42 U.S.C. Section 1981, the Age Discrimination in Employment Act, 29 U.S.C. Sections 621-634, and Section 296 et seq of the New York State Executive Law.

*[signatures]* Steven A Ludsin

RYAN D. HOGAN
NOTARY PUBLIC, State of New York
No. 01HO6242155
Qualified in Suffolk County
Commission Expires May 31, 2015

SWORN TO BEFORE ME THIS February 17, 2013
17 DAY OF February 2013
Sunday


United States District Court
Southern District of New York
*Pro Se Office*



# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Note: This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Steven A. Ludsin v. MetLife

---

Name (Last, First, MI)

| Ludsin, Steven A. | East Hampton | NY | 11937 |
|---|---|---|---|
| Address | City | State | Zip Code |

917 558 7730               Ludsin@gmail.com
Telephone Number            E-mail Address

July 6, 2014                 *[signature: Steven A Ludsin]*
Date                         Signature

**Return completed form to:**

Pro Se Office (Room 200)
500 Pearl Street
New York, NY 10007